OPINION
{¶ 1} Defendant-appellant, Larry Deaton, appeals his jury trial conviction for burglary in violation of R.C. 2911.12(A)(4). For his sole assignment of error, appellant claims his conviction was against the manifest weight of the evidence.
 {¶ 2} Appellant was charged with burglarizing a residence in Eaton, Ohio during the early morning hours of May 19, 2001. Between 4:15 and 4:30 a.m., Andrew Minton got out of bed to use the restroom. Minton returned to bed where, a few minutes later, he heard noises which led him to believe someone was breaking into the house.
 {¶ 3} Following the noise, Minton proceeded to the kitchen doorway and flipped on the kitchen lights. Minton immediately saw an individual, later identified as appellant, halfway through an open kitchen window, with his back on a chair and his legs and feet dangling outside the window. As the lights came on, appellant looked up at Minton who was only ten feet away and indicated with both hand gestures and words that he had been drinking and was drunk.
 {¶ 4} Minton immediately returned to his bedroom where he telephoned 9-1-1 and reported the incident. While coming from his bedroom after making the call, Minton observed his front door being closed from the outside. He later discovered that the bulbs from two security lights on the front of his house had been removed from their fixtures.
 {¶ 5} Within minutes, law enforcement officers arrived at the scene and, based upon Minton's initial description of the suspect, began searching the nearby neighborhood.
 {¶ 6} Appellant was apprehended on an adjacent street about 50 yards from Minton's residence after officers observed him entering a white van. Police found appellant lying across the front seats of the van and, when removed from the vehicle, appellant told the officers he had been sleeping in the van for a couple of hours. Without any prompting or questioning from police, appellant also told the officers: "I did not steal anything. I did not break into a house." Only 12 minutes had passed since Minton's initial call to 9-1-1.
 {¶ 7} Shortly thereafter, Minton arrived at the scene and identified appellant as the individual he saw in his kitchen. Police discovered a shoe print in the dew on a wooden deck at the front of the Minton residence. An officer also observed footprints in the dew leading from the front of the house to a back patio and the kitchen window where the attempted entry occurred. An ink impression made of the soles of the shoes appellant was wearing when apprehended matched the pattern in the dew on Minton's front deck.
 {¶ 8} Appellant claimed he was simply walking to his grandparents' home when apprehended. He suggested that because of previous harassment by Eaton police officers, he wanted to avoid any contact with authorities and ducked into the van when he noticed the officers' cruisers coming in his direction. Appellant denied making any statements to the police implicating himself in the burglary.
 {¶ 9} The Supreme Court of Ohio summarized the standard of review for manifest weight of the evidence as follows:
 {¶ 10} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 11} An appellate court will not reverse a judgment as against the manifest weight of the evidence unless it disagrees with the trier of fact's resolution of any conflicting testimony. When reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 12} Appellant primarily argues that since Minton was not wearing his glasses or contact lenses at the time of the burglary, and could not specifically remember at trial what the suspect was wearing on the date of the crime, Minton is not a credible witness and his identification of appellant is suspect. Although Minton admitted he was not wearing his glasses when he confronted the burglar in his kitchen, he had no doubt of the suspect's identity and, when confronting appellant only a short time thereafter, was steadfast in his recognition of appellant as the same individual he observed in his kitchen. Moreover, police officers testified that appellant matched the description, in both terms of his physical traits and the clothing he was wearing, which Minton provided during the 9-1-1 telephone call.
 {¶ 13} Having reviewed the entire record, and affording the jury the deference that is due the trier of fact, we conclude that the jury did not lose its way so as to require a reversal of appellant's conviction. The evidence clearly supports the jury's finding that appellant, by force, stealth, or deception, trespassed in a permanent habitation when another person was present or likely to be present. See R.C. 2911.12(A)(4).
Appellant's sole assignment of error is hereby overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.